U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

DEC 15 2016

CLERK, U.S. DISTRICT COURT
By _____
          Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| BRENDA D. BROWN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:16-CV-774-A |
| | § | |
| U.S. BANK NATIONAL ASSOCIATION | § | |
| AS TRUSTEE, FOR STRUCTURED | § | |
| ASSET INVESTMENT LOAN TRUST, | § | |
| AKA ASC MORTGAGE, ET AL. | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motions of defendants

America's Servicing Company, a division of Wells Fargo Bank, N.A.

and U.S. Bank, N.A., as Trustee (collectively "ASC"), and of

Barrett Daffin Frappier Turner & Engel, LLP ("Barrett"), to

dismiss. Plaintiff, Brenda D. Brown, has failed to respond to the

motions, which are ripe for ruling. The court, having considered

the motions, the record, and applicable authorities, finds that

the motions should be granted.

I.

Background

On July 13, 2016, plaintiff filed her petition for temporary

restraining order and for temporary injunction in the County

Court at Law No. 2 of Tarrant County, Texas. On August 18, 2016,

ASC filed a notice of removal, bringing the action before this

court. Removal was based on federal question and diversity

jurisdiction, ASC alleging that the nondiverse defendants, Barrett and an attorney named Joseph M. Vacek ("Vacek"), had been improperly joined.

On October 21, 2016, plaintiff filed her amended complaint.[1] Notably, although plaintiff names Barrett[2] and Locke Lord LLP on the cover page, she does not assert any facts regarding either of them. And, plaintiff omits any reference to Vacek, who had previously been named a defendant in the state court action.

As best the court can tell, plaintiff is complaining of actions that occurred prior to the foreclosure of a lien against real property located at 5809 Magnum Drive, Arlington, Texas, on March 3, 2015. Plaintiff appears to assert claims against ASC for violation of the Texas Deceptive Trade Practices-Consumer Protection Act, Tex. Bus. & Com. Code §§17.41-.63 ("DTPA"). Under the headings "Second Claim for Relief" and "Third Claim for Relief," plaintiff simply alleges that she is entitled to damages without specifying a cause of action.

---

[1] The court had ordered plaintiff to replead by by September 23, 2016, but extended the deadline until October 18, 2016. ASC urges as a ground of its motion that this action should be dismissed for plaintiff's failure to timely comply with the order to replead.

[2] Actually, plaintiff refers to "Daffin, Frappier, Turner & Engel LLP."

II.

## Grounds of the Motions

Barrett says that plaintiff has failed to state any claim against it and, in the alternative, that it is entitled to qualified immunity, having only represented a lender in a foreclosure action.

ASC urges that plaintiff's claims are barred by res judicata and that she has otherwise failed to state a plausible claim.

III.

## Applicable Legal Principles

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. Twombly, 550 U.S. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as

true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings.  See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Moreover, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible.  Iqbal, 556 U.S. at 678.  To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient.  Id. In other words, where the facts pleaded do no more than permit the court to infer the possibility of misconduct, the complaint has not shown that the pleader is entitled to relief.  Id. at 679. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id.

In considering a motion under Rule 12(b)(6), the court may consider documents attached to the motion if they are referred to in the plaintiff's complaint and are central to the plaintiff's claims.  Scanlan v. Tex. A&M Univ., 343 F.3d 533, 536 (5th Cir. 2003). The court may also refer to matters of public record.

<u>Davis v. Bayless</u>, 70 F.3d 367, 372 n.3 (5th Cir. 1995); <u>Cinel v.</u>
<u>Connick</u>, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994). This includes
taking notice of pending judicial proceedings. <u>Patterson v. Mobil</u>
<u>Oil Corp.</u>, 335 F.3d 476, 481 n.1 (5th Cir. 2003). And, it
includes taking notice of governmental websites. <u>Kitty Hawk</u>
<u>Aircargo, Inc. v. Chao</u>, 418 F.3d 453, 457 (5th Cir. 2005);
<u>Coleman v. Dretke</u>, 409 F.3d 665, 667 (5th Cir. 2005).

Dismissal under Rule 12(b)(6) on res judicata grounds is
appropriate when the elements of res judicata are apparent on the
face of the pleadings. <u>Dean v. Mississippi Bd. of Bar Admissions</u>,
394 F. App'x 172, 175 (5th Cir. 2010). In making such a ruling,
"[t]he court may consider documents attached to or incorporated
in the complaint and matters of which judicial notice may be
taken." <u>United States ex rel. Willard v. Humana Health Plan of</u>
<u>Tex. Inc.</u>, 336 F.3d 375, 379 (5th Cir. 2003). In addition, the
court may take judicial notice of the record in a prior related
proceeding over which it presided, and may dismiss a complaint
<u>sua sponte</u> under principles of res judicata. <u>Arizona v.</u>
<u>California</u>, 530 U.S. 392, 412 (2000) ("[I]f a court is on notice
that it has previously decided the issue presented, the court may
dismiss the action <u>sua sponte</u>, even though the defense has not
been raised.").

IV.

Analysis

A.   Barrett's Motion

As Barrett notes, plaintiff has failed to allege any facts with regard to Barrett. And, in any event, Barrett is entitled to qualified immunity with respect to actions taken in representing a client in a foreclosure.[3] Rojas v. Wells Fargo Bank, N.A., 571 F. App'x 274, 278 (5th Cir. 2014); Campbell v. Mortgage Elec. Registration Sys., Inc., No. 03-11-00429-CV, 2012 WL 1839357, at *5 (Tex. App.–Austin May 18, 2012, pet. denied). Plaintiff has abandoned any claims against Vacek,[4] having failed to name him as a defendant in the amended complaint.

B.   ASC's Motion

ASC asserts several grounds in support of its motion, but the court need only address res judicata. Records of prior lawsuits filed by plaintiff, of which the court takes judicial notice, reflect that this is plaintiff's fourth lawsuit arising out of the foreclosure of a lien against her property. The first involved allegations challenging the foreclosure, but was

---

[3]As the court noted in disposing of an earlier lawsuit filed by plaintiff, the attorney defendants appear to have been named solely based on their having represented other parties in dealing with plaintiff. Brown v. ASC Mortgage, No. 4:15-CV-547-A (N.D. Tex. Sept. 18, 2015).

[4]Plaintiff alleges in her state court petition that Vacek is an attorney with Barrett.

dismissed for want of prosecution. Brown v. ASC Mortgage, No. 4:14-CV-819-A (N.D. Tex. Oct. 17, 2014). The complaint in the second lawsuit was identical to the complaint in the first, with the addition of a civil cover sheet. Generally, plaintiff complained about "inaccuracy in the debt" she accrued; that she had tried several times to obtain a loan modification that should have been approved; that loan amounts were fraudulently added; and that defendants acted with malice, fraud and/or oppression. The lawsuit was brought against these same defendants and was dismissed with prejudice. Brown v. ASC Mortgage, No. 4:15-CV-389-A (N.D. Tex. May 22, 2015). The third lawsuit also began by a petition in the County Court at Law Number 2 of Tarrant County, Texas, asserting the same allegations. The third suit was dismissed with prejudice. Brown v. ASC Mortgage, No. 4:15-CV-547-A (N.D. Tex. Sept. 18, 2015).

As set forth in the memorandum opinion and order dismissing the third suit,

> Res judicata bars claims that have been or should have been raised in an earlier suit. In re Southmark Corp., 163 F.3d 925, 934 (5th Cir. 1999). Res judicata has four elements: (1) identity or privity of parties; (2) prior judgment rendered by a court of competent jurisdiction; (3) prior action concluded by final judgment on the merits; and (4) the same claim or cause of action is involved in both suits. Id. The elements are met in this case with regard to the claims against the non-attorneys. The plaintiff is the same, as is defendant ASC. To the extent other participants in the foreclosure process are defendants (which is difficult

to tell based on Brown's confusing naming of parties), they are in privity. See <u>Taylor v. Sturgell</u>, 553 U.S. 880, 894 (2008); <u>Maxwell v. U.S. Bank, N.A.</u>, 544 F. App'x 470, 473 (5th Cir. 2013)(privity exists where there is a pre-existing substantive relationship such as between preceding and succeeding owners of property or assignor and assignee). The court had jurisdiction of the prior action, which was concluded by judgment on the merits. And, the same nucleus of operative facts is involved in each action. <u>Test Masters Educ. Servs., Inc. V. Singh</u>, 428 F.3d 559, 571 (5th Cir. 2005); <u>Southmark</u>, 163 F.3d at 934.

Plaintiff's claims are barred by res judicata.

V.

Order

The court ORDERS that the motions to dismiss be, and are hereby, granted, and that plaintiff's claims in this action be, and are hereby, dismissed with prejudice.

The court cautions plaintiff that she may face sanctions if she files any further actions against any of the defendants named in this action asserting claims made or that could have been made in this action.

SIGNED December 15, 2016.

JOHN McBRYDE
United States District Judge